# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2021

Lyle W. Cayce
Clerk

No. 20-50595
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

William Anthony Rockhold,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 7:19-CR-191-1

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

William Rockhold appeals the 210-month sentence imposed after his guilty-plea conviction of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine ("meth"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Rockhold maintains that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50595

district court (1) erred in calculating the drug quantity used to establish his base offense level because it relied upon unreliable, inconsistent post-arrest statements from his co-defendant, Jason Chavez; (2) erred in applying a two-level importation enhancement per U.S.S.G. § 2D1.1(b)(5); and (3) violated his Sixth Amendment right to confrontation by relying on Chavez's statements without allowing Rockhold to cross-examine Chavez.

The district court's determination of the quantity of drugs attributable to a defendant is a factual finding that we review for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). It was within the discretion of the district court to determine the credibility of Chavez's statements. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). In light of the totality of the circumstances in the presentence report ("PSR"), as well as Rockhold's lack of rebuttal evidence, it was not clear error for the court to rely on the PSR and Chavez's statements when calculating the drug quantity attributable to Rockhold. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); *United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000).

The district court's determination that an offense involves the importation of meth is a factual finding that we review for clear error. *United States v. Serfass*, 684 F.3d 548, 550, 553–54 (5th Cir. 2012). In light of that, and recalling that the government was required to establish importation by only a preponderance of the evidence, the district court could plausibly infer that the meth was imported from Mexico, based on the unrebutted facts in the PSR. *See id.* at 550, 553; *see also United States v. Arayatanon*, 980 F.3d 444, 452 (5th Cir. 2020) (noting that the purity level of meth is an appropriate consideration in inferring that it was imported, and holding that the district court did not commit clear error in applying importation enhancement even though the PSR lacked any discussion of importation aside from defendant's travel to Mexico and purity levels).

No. 20-50595

Rockhold's argument that the district court erred in considering Chavez's statements because it violated his Sixth Amendment right to confrontation is foreclosed by circuit precedent. *See United States v. Dinh*, 920 F.3d 307, 311 (5th Cir. 2019); *United States v. Rodriguez,* 602 F.3d 346, 352 (5th Cir. 2010). In *Dinh*, 920 F.3d at 311, we held that we do not recognize a defendant's confrontation right at sentencing. Significantly, "it has long been established by the Supreme Court that defendants do not have a constitutional right of confrontation or cross-examination at the sentencing phase." *Id.* at 312. Moreover, "there is no *Crawford* [*v. Washington,* 541 U.S. 36 (2004)] violation when hearsay testimony is used at sentencing." *United States v. Beydoun,* 469 F.3d 102 (5th Cir. 2006).

AFFIRMED.